IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

JUN −6 2014

CLERK, US DISTRICT COURT
NORFOLK, VA

DIETGOAL INNOVATIONS LLC,

    Plaintiff,

v.

WEGMANS FOOD MARKETS, INC.,

    Defendant.

CIVIL ACTION NO. 2:13cv154
Lead Case

DIETGOAL INNOVATIONS LLC,

    Plaintiff,

v.

GENERAL MILLS SALES, INC.,

    Defendant.

CIVIL ACTION NO. 2:14cv143
Consolidated Action

*MEMORANDUM ORDER*

Before the Court is Defendant General Mills Sales' Motion to Sever and for an Expedited Trial Schedule, filed on April 24, 2014. ECF No. 88. Plaintiff DietGoal Innovations filed its Opposition on May 9, 2014, ECF No. 93, and General Mills filed a Reply on May 15, 2014, ECF No. 97. The motion is accordingly ripe for disposition.

On March 25, 2014, the United States District Court for the Eastern District of Texas transferred this action to this district. Case No. 2:12cv761, ECF No. 388 (E.D. Tex.). On April 21, 2014, the Court entered a *sua sponte* order consolidating the transferred action for pretrial purposes with three other consolidated actions pending in this district pursuant to Federal Rule of Civil Procedure 42. *See* Civil Actions No. 2:13cv154 (*DietGoal Innovations LLC v. Wegmans*

*Food Markets, Inc.*), 2:13cv401 (*DietGoal Innovations LLC v. Dunkin' Brands Group, Inc.*), and 2:13cv430 (*DietGoal Innovations LLC v. Domino's Pizza, Inc.*). See *Bess v. Cty. of Cumberland, N.C.*, 5:11cv388, 2011 WL 4809879, at *9 (E.D.N.C. Oct. 22, 2011) ("District courts have the inherent authority to order consolidation *sua sponte*.") (quotation omitted). The Court noted that consolidation was proper because the central claim in all four actions was infringement of the same patent through defendants' use of a computerized menu planning interfaces, and because the defendants raised overlapping defenses and counterclaims.

General Mills then filed the instant motion, which effectively asks the Court to reconsider and vacate the consolidation order.[1] General Mills notes that before the action was transferred from the Eastern District of Texas, the parties had already finished *Markman* proceedings, had nearly finished discovery and were scheduled for trial on June 2, 2014. The case was therefore far more advanced than the cases in this district with which the General Mills action was consolidated, as discovery had not yet commenced in those cases and a trial date had not yet been selected. Accordingly, General Mills argues that consolidation will cause it significant hardship and prejudice.

Rule 42 of the Federal Rules of Civil Procedure reads, in relevant part: "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). "[A] district court must consider the interest of judicial economy as well as the interest of the parties in a fair and impartial procedure." *In re MicroStrategy Inc. Sec. Litigation*, 110 F. Supp. 2d 427, 431 (E.D. Va. 2000) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir.1990)). "In that regard, courts considering whether to order consolidation must determine whether 'the specific risks of prejudice and possible confusion [from

---

[1] Because the Court consolidated the cases without briefing from the parties, however, the Court will not apply the deferential standard normally applied to a motion to reconsider.

2

consolidation are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned.'" *Id.* (quoting *Arnold v. Eastern Air Lines Inc.*, 681 F.2d 186, 193 (4th Cir.1982)). District courts enjoy wide discretion under Rule 42(a) to consolidate actions pending in the same district. *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 933 (4th Cir. 1977); *see generally* Charles A. Wright, Arthur R. Miller, *et al.*, 9A *Federal Practice and Procedure Civil* § 2384 (3d ed.).

The Court concludes that balancing the interests of the parties with the interests of judicial efficiency indicates that consolidation remains appropriate, even considering the relatively advanced nature of the General Mills case as compared to the other three actions brought by DietGoal. Any argument that General Mills will be prejudiced purely by a delayed resolution of the case is contradicted by its repeated and belated attempts to transfer the case to this district. General Mills first moved for transfer on July 3, 2013, over a year after the action was first filed. *See* Memorandum Order, Case No. 2:12cv761 (E.D. Tex. Mar. 25, 2014) ("General Mills did not diligently pursue its effort to transfer, waiting over a year after filing and only doing so after this Court had extensively familiarized itself with this case and issued several key rulings."). It then filed an additional supplemental brief re-urging transfer in March 2014, only three months prior to the June trial date. These actions belie General Mills' assertions that it has a strong interest in an expeditious trial date.

However, the Court does find that having to conduct a *Markman* hearing and discovery for the second time will cause General Mills great prejudice and needlessly waste judicial resources. But because much, if not all, of the prior rulings in the Eastern District of Texas are

law of the case as to the action between General Mills and DietGoal, matters that have already concluded will not be re-addressed and the parties will have to expend few, if any, resources on duplicative matters. *See Sejman v. Warner-Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir. 1988) (a decision that is "law of the case" must be followed in subsequent proceedings in the same case unless, among other exceptions, "the prior decision was clearly erroneous and would work manifest injustice"). Moreover, the Court will not permit additional discovery between General Mills and DietGoal, beyond exchanging the rebuttal expert reports.

Therefore, the Court concludes that the consolidation of these cases for pretrial purposes results in little prejudice to General Mills. And consolidation will also serve to enhance judicial economy and fairness. For example, addressing any summary judgment motions in the same timeframe will be advantageous to the Court. Although the Court is aware that any such motions may very well involve two different sets of claim construction, depending on the result of the *Markman* hearing for the other three defendants, many issues raised in future summary judgment motions are nonetheless likely to overlap. Similarly, even if the Court ultimately holds four separate trials in light of the America Invents Act, 35 U.S.C. § 299, the Court concludes that it would be efficient to have those trials close in time rather than separated by a year or more, as many pre-trial motions might involve similar issues. *See Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, 6:12CV508, 2012 WL 3307942 (E.D. Tex. Aug. 10, 2012) (discussing the advantages of pretrial consolidation in a patent infringement action). Moreover, having a consolidated schedule will minimize prejudice to DietGoal, who opposed the belated transfer to this district.

Accordingly, Defendant General Mills' Motion to Sever and for an Expedited Trial Schedule is **DENIED**. General Mills will be excluded from all deadlines provided in the Rule 16(b) Scheduling Order that occur prior to the deadline for Dispositive Motions.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
June 5, 2014

Raymond A. Jackson
United States District Judge