**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINA
NORFOLK DIVISION**

| | |
|---|---|
| **DIETGOAL INNOVATIONS, LLC**, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:13cv154 (Lead) |
| | ) and |
| v. | ) Civil Action Nos.: 2:13cv401 |
| | ) 2:13cv430 |
| **WEGMANS FOOD MARKETS, INC., et al.,** | ) 2:14cv143 |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
JOINT MOTION FOR JUDGMENT ON THE PLEADINGS
BASED ON COLLATERAL ESTOPPEL**

On July 8, 2014, Judge Paul Engelmayer of the United States District Court for the

Southern District of New York ruled that United States Patent No. 6,585,516 (the "'516 Patent"),

the only patent at issue in the case at hand, is invalid.  Thereafter, Judge Engelmayer entered

final judgment of invalidity.  *See DietGoal Innovations, LLC, v. Bravo Media LLC*, 1:13-CV-

08391 (S.D.N.Y.), slip op. attached as Exhibit 1.  As a matter of law, "once the claims of a patent

are held invalid in a suit involving one alleged infringer, an unrelated party who is sued for

infringement of those claims may reap the benefit of the invalidity decision under principles of

collateral estoppel."[1]  *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1577 (Fed. Cir. 1994)

---

[1] Since his July 8 ruling of invalidity in *Bravo*, Judge Engelmayer has recognized the applicability of collateral estoppel in other cases involving the '516 Patent.  For example, on July 14, 2014, Judge Engelmayer issued an order in *DietGoal Innovations LLC, v. Time, Inc.*, No. 1:13-cv-08381 (S.D.N.Y.), stating that "[b]ecause the cases involve the same plaintiff claiming infringement of the same patent, it appears to the Court that, under principles of defensive collateral estoppel, the Court's decision under § 101 in *DietGoal v. Bravo* is controlling in *DietGoal v. Time*."  *See* order attached as Exhibit 2.  At Judge Engelmayer's invitation, DietGoal submitted a letter purporting to explain why collateral estoppel should not apply.  *See* Letter dated July 21, 2014, attached as Exhibit 3.  Despite recognizing that the only way to escape the application of collateral estoppel was to show that DietGoal had not received a full and fair opportunity to litigate its claims in the *Bravo* case, DietGoal did not offer a single basis to support that argument.

(citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313 (1971)).  Moreover, the law is well-settled that a pending appeal "has no effect on the finality or binding effect of a trial court's holding."  *Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc.*, 170 F.3d 1373, 1381 (Fed. Cir. 1999) (applying Fourth Circuit procedural law) (citing *Deposit Bank v. Board of Councilmen of City of Frankfort*, 191 U.S. 499 (1903)); *see also JuxtaComm-Texas Software, LLC, v. Lanier Parking Systems of Virginia, Inc., et al.*, 944 F. Supp. 2d 469, 478 (E.D. Va. 2013).  Accordingly, plaintiff DietGoal Innovations, LLC ("DietGoal") is estopped from continuing to assert infringement of this invalid patent, and judgment should be entered in favor of the defendants in this case.[2]

For these reasons, and as set forth in detail below, defendants Dunkin' Brands Group, Inc. ("Dunkin' Brands"), Wegmans Food Markets, Inc. ("Wegmans"), Domino's Pizza, Inc. ("Domino's"), and General Mills Sales, Inc. ("General Mills") (collectively, "Defendants"), jointly submit this memorandum in support of their motion for judgment on the pleadings based on collateral estoppel.

A.    **LEGAL STANDARD**

1.    **Standard for Collateral Estoppel**

The doctrine of collateral estoppel precludes a party from relitigating an issue that has already been decided in another case when: (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision of the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum.

---

[2] To the extent that an affirmative defense of collateral estoppel must be asserted in Defendants' respective answers in order to be available at this juncture, Defendants incorporate by reference their Joint Motion to Amend their Answers, filed concurrently herewith, to add collateral estoppel as an affirmative defense.

*Sedlack v. Braswell Servs. Group*, 134 F.3d 219, 224 (4th Cir. 1998).  According to Judge Spencer of the Eastern District of Virginia, "[i]n patent infringement cases, once the claims of a patent are held invalid in a suit against one alleged infringer, an unrelated party who is sued for infringing the same claims may reap the benefit of the invalidity decision under principles of collateral estoppel." *JuxtaComm-Texas*, 944 F. Supp. 2d at 475 (citing *Mendenhall*, 26 F.3d at 1577 and *Blonder-Tongue*, 402 U.S. 313) (internal quotations omitted).

"If an alleged infringer raises the defense of collateral estoppel, the burden is on the patentee to demonstrate, if he can, that he did not have a fair opportunity procedurally, substantively and evidentially to pursue his claim the first time." *Miss. Chem. Corp. v. Swift Agric. Chems. Corp.*, 717 F.2d 1374, 1376 (Fed. Cir. 1983) (internal quotations and citations omitted).  As Judge Spencer noted, "[t]he Court's inquiry into whether the plaintiff was afforded a full and fair opportunity to litigate is quite narrow and does not involve a judgment on the merits." *JuxtaComm-Texas*, 944 F. Supp. 2d at 475 (citing *Pharmacia*, 170 F.3d at 1380) (internal quotations omitted).  "Accordingly, the Court considering whether collateral estoppel applies may not inquire as to whether the prior judgment of invalidity is correct, and the only inquiry open to the district judge is whether the patentee had a full and fair opportunity to litigate the validity of the patent in the prior case in which it was held invalid." *Id.* (citing *Miss. Chem. Corp.*, 717 F.2d at 1379).  Unless the patentee can show that it did not have that opportunity, "the judge must treat the prior determination of invalidity as stopping the patentee from relitigating that question." *Id.*

In *Blonder-Tongue*, the Supreme Court laid out the factors to be considered in determining whether the plaintiff alleging infringement had a full and fair opportunity to litigate the validity of the patent: (1) Whether the patentee was the plaintiff in the prior suit and chose to

litigate at that time and place; (2) whether the patentee was prepared to litigate to the finish against the defendant there involved; (3) whether the prior case was one of those relatively rare instances where the court wholly failed to grasp the technical subject matter and the issues in suit; and (4) whether, without fault of his own, the patentee was deprived of crucial evidence or witnesses in the first litigation.  402 U.S. at 332-33; *see also JuxtaComm-Texas*, 944 F. Supp. 2d at 475-76.

### 2.      Standard for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed if the motion is made early enough not to delay trial. Motions for judgment on the pleadings are evaluated under the same standard as a Rule 12(b)(6) motion to dismiss, with its purpose similarly being to test the sufficiency of the complaint. *JuxtaComm-Texas*, 944 F. Supp. 2d at 473 (citing *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002)).  Although the court views the alleged facts in the light most favorable to the non-moving party, judgment should be entered for the movant when the pleadings fail to state any cognizable claim for relief, and thus, the issue can be decided as a matter of law.  *Id.*  While the motion should be treated as one for summary judgment if matters outside the pleadings are presented and not excluded, the court is permitted to consider official public records and documents central to plaintiff's claim.  *Id.*

### B.     ARGUMENT

### 1.      DietGoal is Estopped from Asserting the Invalid '516 Patent

Following the judgment of invalidity from the Southern District of New York, collateral estoppel applies to preclude DietGoal from relitigating issues that have already been decided against it, namely the legal issue of the validity of the '516 Patent.  In *Bravo*, the District Court

analyzed the system and method claims of the '516 Patent and, relying on Supreme Court precedent, including the recent decision in *Alice Corp. PTY. Ltd., v. CLS Bank International, et al.*, 573 U.S. at __ (2014), found it to be "clear that the claims of the '516 Patent are directed to an impermissible abstract idea or mental concept" under 35 U.S.C. § 101.  *See* Exh. 1 at p. 17. Applying the two-step analysis laid out in *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S.Ct. 1269 (2012) and reinforced in *Alice*, the Southern District of New York found no additional elements sufficient "to render the claims of the '516 Patent patent-eligible."  *See* Exh. 1 at pp. 20-25.  The *Bravo* Court granted defendant's motion for summary judgment based on its finding that the '516 Patent is invalid, and entered judgment.  Accordingly, under *Blonder-Tongue*, Defendants are entitled in the case at hand to "reap the benefit of the invalidity decision under the principles of collateral estoppel."  *Mendenhall*, 26 F.3d at 1577; *see* 402 U.S. 313. Because the only patent at issue in this case is invalid, DietGoal's claims cannot survive and Defendants are entitled to judgment as a matter of law.

> **2.    DietGoal Cannot Show that It Did Not Receive a Full and Fair Opportunity to Litigate its Claims.**

DietGoal cannot salvage its claims by demonstrating that it did not have a full and fair opportunity – whether procedurally, substantively, or evidentially – to pursue its claim in the *Bravo* case.  *See Miss. Chem.*, 717 F.2d at 1376.  Looking at each of the factors set out in *Blonder-Tongue*, it is clear that DietGoal had a full and fair opportunity to litigate its claims in *Bravo*: 1) DietGoal was the plaintiff in both *Bravo* and the instant case; 2) the *Bravo* parties had ample time to prepare to litigate the issue of the patent's validity as the case had been pending for about two years, the parties had fully briefed the motions for summary judgment on the issue of validity, and the Court held oral argument on the issue and accepted supplemental

submissions after the Supreme Court's recent *Alice* decision;[3] 3) the Court clearly and

thoroughly analyzed the technical issues in the case and laid out a well-reasoned opinion on the

issue of validity, *see* Exhibit 1; and 4) DietGoal was not deprived of any crucial evidence or

witnesses, as the issue of the patent's validity is a legal question.  402 U.S. at 332-33.

DietGoal may argue that it was denied a full and fair opportunity to litigate because its

pending appeal has not yet been decided, or that equitable considerations call for this Court to

refrain from applying collateral estoppel based on the judgment of invalidity in *Bravo*.  However,

none of these arguments carry weight.  First, the pendency of the appeal has no effect on the

finality of the prior judgment and is irrelevant to the application of collateral estoppel in this

case.  *See Pharmacia*, 170 F.3d at 1381 (applying Fourth Circuit procedural law); *see also*

*JuxtaComm-Texas*, 944 F. Supp. 2d at 478.  Second, if DietGoal cannot show that it was denied a

full and fair opportunity to litigate the validity of the '516 Patent in *Bravo*, the Court "cannot

permit relitigation because of equitable considerations."  *JuxtaComm-Texas*, 944 F. Supp. 2d at

478 (quoting *Miss. Chem. Corp.*, 717 F.2d at 1379).  Because none of the *Blonder-Tongue*

factors demonstrate that DietGoal did not have a full and fair opportunity to litigate in the *Bravo*

case, collateral estoppel must apply to preclude DietGoal from further asserting the invalid '516

Patent in the case at hand.

In 2013, Judge Spencer of the Eastern District of Virginia addressed a nearly identical

situation in *JuxtaComm-Texas*, and ultimately granted the defendants' motions for judgment on

the pleadings because the plaintiff failed to show that it had not received a full and fair

---

[3] DietGoal, which filed its first litigation alleging infringement of the '516 Patent in September 2011, has had ample opportunity - over the course of almost four years, and at least two years in the *Bravo* case alone - to develop its legal claims and theories.  Indeed, DietGoal has, on multiple occasions throughout the various litigations, amended its complaints and infringement contentions in the various cases as it developed its case.

opportunity to litigate its claims in a related case involving the same patent. 944 F. Supp. 2d 469. There, plaintiff JuxtaComm-Texas Software, LLC ("JuxtaComm") had instituted at least 3 separate lawsuits against multiple defendants alleging claims of patent infringement, with the case before Judge Spencer being the third-filed case ("JuxtaComm III"). *Id.* at 472-73. In September 2012, the Eastern District of Texas granted summary judgment in favor of the defendants in the second-filed case ("JuxtaComm II") based upon a finding that the patent claims were invalid for indefiniteness. *Id.* While the plaintiff's appeal of that judgment of invalidity was pending, the JuxtaComm III defendants filed motions seeking judgment on the pleadings based on collateral estoppel under *Blonder-Tongue*, 402 U.S. 313.

Judge Spencer evaluated each of the factors to be considered in determining whether the parties had a full and fair opportunity to litigate, as laid out in *Stevenson*, 713 F.3d at 709, and concluded that plaintiff was given a full and fair opportunity to litigate its claims. *Id.* at 476-78. Accordingly, the Court applied collateral estoppel and entered judgment for the defendants. *Id.* In rendering its decision, the Court specifically considered that the same plaintiff had filed both JuxtaComm II and JuxtaComm III and that the parties had fully briefed and presented oral argument on the issue of the patent's validity. *Id.* at 477-78. In response to the plaintiff's argument that the Court misunderstood the technical aspect of the suit and flatly ignored certain evidence, Judge Spencer stated that just because plaintiff disagreed with the Court's reading of the claim language or its ultimate findings, does not mean that the Court failed to grasp the technical subject matter and issues: "[L]osing one's case is not evidence that the [Court] failed to understand the invention." *Id.* (citing *Pharmacia*, 170 F.3d at 1380) (internal quotations omitted).

JuxtaComm further argued that, because its appeal was pending and "there is a substantial risk that the JuxtaComm II judgment will be reversed," it had not had a full and fair opportunity to litigate. *Id.* Judge Spencer rejected that argument, finding that "the pendency of the appeal does not undermine the finality of the JuxtaComm II judgment." *Id.* (citing *Warwick Corp. v. Maryland Dep't of Transp.*, 573 F. Supp. 1011, 1014 (D. Md. 1983) for the proposition that "[t]he established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal.").

Lastly, JuxtaComm argued that the Court should refrain from applying collateral estoppel due to the equities of the case. *Id.* at 478. Judge Spencer rejected that argument, recognizing that "[i]t must first be noted that if a patentee plaintiff was *not* denied a full and fair opportunity to litigate the validity of the patent in the prior case where it was held invalid, the district court 'cannot permit relitigation because of equitable considerations.'" *Id.* (quoting *Miss. Chem. Corp.*, 717 F.2d at 1379). Citing *Blonder-Tongue*, Judge Spencer observed that, despite the Supreme Court's reference to the trial courts' sense of justice and equity, "the only discretion left to the district court's sense of equity and justice by *Blonder-Tongue* is in the determination of whether the plaintiff had a full and fair opportunity to litigate in the prior suit finding invalidity." *Id.* (internal quotations and citations omitted).

Judge Spencer is not alone. District courts across the country have applied collateral estoppel in situations such as the one at hand to prevent the assertion of an invalid patent, regardless of the pendency of an appeal. *See, e.g., Novo Nordisk, Inc., v. Paddock Labs, Inc.*, 797 F. Supp. 2d 926, 931 (D. Minn. 2011) (applying collateral estoppel based on findings of invalidity and unenforceability in a related case, stating: "[i]t is well-settled, however, that for purposes of collateral estoppel, finality attaches at the time of entry of judgment and a pending

appeal does not bar the preclusive effect of the judgment"); *Eli Lilly and Co., v. Sicor Pharms., Inc.*, 705 F. Supp. 2d 971 (S.D. Ind. 2010) (applying collateral estoppel based on judgment of invalidity in a parallel action notwithstanding pendency of an appeal); *Kim v. Conagra Foods, Inc.*, No. 01 C 2467, 2003 WL 1193322 (N.D. Ill. Mar. 13, 2003) (entering summary judgment of collateral estoppel based on invalidity in a related action despite pending appeal). Here, as in *JuxtaComm-Texas* and the various cases cited above, Defendants are entitled to judgment on the pleadings based on collateral estoppel. *Id.*

> ### 3.    This Case is Ripe for Judgment.

Collateral estoppel predicated upon the judgment of invalidity from the Southern District of New York prevents DietGoal from pursuing any claim of infringement with respect to the '516 Patent. With no patent to infringe, DietGoal cannot pursue any viable claim against Defendants.

Even if the Court declines to enter judgment on the pleadings, Defendants respectfully request that the Court enter summary judgment based on collateral estoppel. Under Fourth Circuit law, the Court can grant summary judgment before the close of discovery where, as here, the only issue to be addressed is a question of law and discovery would not aid the non-moving party in demonstrating the existence of a genuine issue of material fact. *See Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002). Furthermore, federal law recognizes that "the defense of collateral estoppel based on a final judgment of patent invalidity in another suit can be timely made at any stage of the affected proceedings." *Mendenhall*, 26 F.3d at 1578-79.

Finally, should the Court determine that the question of collateral estoppel is better addressed in a summary judgment proceeding, Defendants respectfully request leave to submit a

joint summary judgment brief on the issue.  Additionally, Defendants request further leave from

Local Rule 56(c) to file an additional joint motion for summary judgment (on other grounds) at

some future date.[4]  Indeed, if the Court *sua sponte* converts the instant motion to one for

summary judgment, denies the motion, and leaves the Defendants without an opportunity to file

an additional summary judgment motion later in the case, the Defendants would be severely

prejudiced.[5]

## CONCLUSION

For these reasons, Defendants respectfully request that the Court grant their motion for

judgment on the pleadings, and enter judgment in Defendants' favor, based on collateral

estoppel.

Dated: July 23, 2014                              Respectfully submitted,

                                                  /s/ *Brian N. Casey*
                                                  Brian N. Casey

---

[4] The Court instituted Local Rule 56(c) to avoid the practice of parties filing multiple summary judgment motions in an effort to bypass the page limitations set forth in Local Rule 7 – something the Defendants are not engaged in here.  The Rule specifically permits a party to seek leave of Court where it has good cause to file separate motions for summary judgment (such as in the instant situation).  Moreover, Local Rule 56 must be construed consistently with the purposes of Rule 56 of the Federal Rules of Civil Procedure which does not limit the number of summary judgment motions a party may file so long as subsequent motions raise different issues. James W. Moore, Moore's Federal Practice § 56.10[7] at p. 56-79 ("If a subsequent summary judgment motion raises different issues, however, including grounds different from those raised in the first motion, it is considered proper and will be reviewed and decided by the court"); *see also* Fed. R. Civ. P. 83 (Rule 83 authorizes each district court to make rules governing its practices "not inconsistent" with the Federal Rules of Civil Procedure.).  As such, the Court has broad discretion to control the timing and number of such motions to promote judicial efficiency.  Where, as here, an early, focused summary judgment motion is directed solely to legal issues, it is appropriate for a court to grant leave from Local Rule 56(c).  *See Nationwide Mut. Ins. Co. v. Overlook, LLC*, 785 F. Supp. 2d 502, 509 (E.D. Va. 2011).
[5] As the Court will recall, General Mills had sought permission to file an early motion for summary judgment as fact discovery had concluded as between General Mills and DietGoal, and expert discovery is nearly complete. The Court rejected General Mills' request, and consolidated it with the other Defendants in this Court for pre-trial purposes. The Court, however, indicated that the situation may change given the fact that something may happen in the interim in one of the other suits brought by DietGoal.  The *Bravo* Court's decision invalidating the '516 Patent is just such an occurrence, and General Mills respectfully suggests that the Defendants should be permitted to submit summary judgment briefs on collateral estoppel to the extent the Court determines that the issue is not appropriate as a motion for judgment on the pleadings.

Virginia State Bar No. 26710
James E. Brydges, Jr.
Virginia State Bar No. 4420
**TAYLORWALKER PC**
555 E. Main Street, Suite 1300
Norfolk, VA  23510
Telephone:  757-625-7300
Facsimile:  757-625-1504
bcasey@taylorwalkerlaw.com
jbrydges@taylorwalkerlaw.com


Eugene A. Feher (*pro hac vice*)
Paul J. Cronin (*pro hac vice*)
James C. Hall (*pro hac vice*)
**NUTTER MCCLENNEN & FISH LLP**
155 Seaport Blvd.
Seaport West
Boston, MA  02210
Telephone:  617-439-2000
Facsimile:  617-310-9295
gfeher@nutter.com
jhall@nutter.com


***Counsel for Defendant Dunkin' Brands Group, Inc.***


/s/ *Dabney J. Carr*
Dabney J. Carr, IV
Virginia State Bar No. 28679
Harrison S. Kelly
Virginia State Bar No. 80546
Robert A. Angle
Virginia State Bar No. 37691
Stanley W. Hammer
Virginia State Bar No. 82181
**TROUTMAN SANDERS LLP**
1001 Haxall Point
P. O. Box 1122
Richmond, VA  23219
Telephone:  804-697-1200
Facsimile: 804-697-1339
Dabney.carr@troutmansanders.com
Scott.kelly@troutmansanders.com
Robert.angle@troutmansanders.com
Stanley.hammer@troutmansanders.com

11

Richard D. Rochford
**HAYNES AND BOONE LLP**
30 Rockefeller Plaza, 26th Floor
New York, NY  10112
Telephone:  212-659-4984
Facsimile:  212-884-9572
Richard.rochford@haynesboone.com

*Counsel for Defendant Wegmans Food Markets,*
*Inc.*


/s/ *Dabney J. Carr, IV*
Dabney J. Carr, IV
Virginia State Bar No. 28679
Harrison S. Kelly
Virginia State Bar No. 80546
Robert A. Angle
Virginia State Bar No. 37691
Stanley W. Hammer
Virginia State Bar No. 82181
**TROUTMAN SANDERS LLP**
1001 Haxall Point
P. O. Box 1122
Richmond, VA  23219
Telephone:  804-697-1200
Facsimile: 804-697-1339
dabney.carr@troutmansanders.com
scott.kelly@troutmansanders.com
robert.angle@troutmansanders.com
stanley.hammer@troutmansanders.com

Frank A. Angileri
Mark A. Jotanovic (*pro hac vice*)
Thomas W Cunningham (*pro hac vice*)
**BROOKS KUSHMAN PC**
1000 Town Center
22nd Floor
Southfield, MI 48075
Telephone: 248-358-4400
Facsimile: 248-358-3351
fangileri@brookskushman.com
mjotanovic@brookskushman.com
tcunningham@brookskushman.com

*Counsel for Defendant Domino's Pizza, Inc.*

/s/ Stephen E. Noona
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, Virginia 23510
Telephone: 757-624-3000
Facsimile: 757-624-3169
senoona@kaufcan.com

Scott J. Bornstein *(pro hac vice)*
Allan A. Kassenoff *(pro hac vice)*
Julie P. Bookbinder *(pro hac vice)*
GREENBERG TRAURIG, LLP
Metlife Building
200 Park Avenue
New York, NY  10166
Telephone:  212-801-9200
Facsimile:  212-801-6400
bornsteins@gtlaw.com
kassenoffa@gtlaw.com
bookbinderj@gtlaw.com

*Counsel for Defendant General Mills Sales, Inc.*

## CERTIFICATE OF SERVICE

I, Brian N. Casey, hereby certify that I have electronically filed a true and accurate copy

of this document with the Clerk of the Court using the CM/ECF system, which will send a

notification of such filing (NEF) to the following:

Steven M. War
Virginia State Bar No. 45048
MCNEELY HARE & WAR LLP
5335 Wisconsin Ave, NW, Suite 440
Washington, DC  20015
Telephone:  202-536-5877
Facsimile:  202-478-1813
steve@miplaw.com

Christopher M. Joe *(pro hac vice)*
Eric W. Buether *(pro hac vice)*
Michael D. Ricketts *(pro hac vice)*
Niknaz F. Bukovcan *(pro hac vice)*
BUETHER JOE & CARPENTER, LLC
1700 Pacific Avenue, Suite 4750
Dallas, TX  75201
Telephone:  214-466-1270
Facsimile:  214-635-1842
Chris.joe@BJCIPLaw.com
Eric.Buether@BJCIPLaw.com
Mickey.Ricketts@BJCIPLaw.com
Niky.Bukovcan@BJCIPLaw.com

*Counsel for Plaintiff DietGoal Innovations LLC*



 /s/ Brian N. Casey

2565109.3