

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

DIETGOAL INNOVATIONS, LLC,

      Plaintiff,

v.                                            CIVIL ACTION NO. 2:13cv154

WEGMANS FOOD MARKETS, INC., et al.,

      Defendants.

### *MEMORANDUM OPINION & ORDER*

Before the Court are Defendants Domino's Pizza, General Mills Sales, Inc., Wegman's Food Markets, and Dunkin Brands Group, Inc.'s Motions to Declare this Case Exceptional Under 35 U.S.C. § 285 and to Join Additional Parties ("Motions"). ECF Nos. 149, 159, 171, 173. The Court has thoroughly reviewed the record, the parties' briefs, and the law governing the Motions and has determined that a hearing would not aid in the decisional process. The Motions have been fully briefed and are now ripe for judicial adjudication. For the reasons stated below, each motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On July 1, 2013, the United States Patent and Trademark Office issued United States Patent No. 6,585,516 (the "516 patent") entitled "Method and System for Computerized Visual Behavior, Analysis, Training, and Planning." ECF No 2-1 at 29. The patent discloses a manner of planning meals with an eye toward healthy eating. Plaintiff, as the exclusive licensee

1

of the patent, brought this patent infringement action against Defendants and several other entities in the United States District Court for the Eastern District of Texas.

On March 25, 2013, this case was transferred from the United States District Court for the Eastern District of Texas to the United States District Court for the Eastern District of Virginia. ECF No. 45.

On March 29, 2013, Defendant Wegmans Food Markets, Inc. moved to transfer the case to the United States District Court for the Western District of New York. ECF No. 48. Plaintiff opposed the motion, ECF No., 60, and this Court denied the motion on November 19, 2013.

On July 9, 2014, Defendants Domino's Pizza, Inc., Dunkin' Brands Group, Inc., General Mills Sales, Inc., and Wegmans Food Markets, Inc. filed Defendants Notice of Authority Regarding Finding of Invalidity of Asserted Patent Pursuant to 35 U.S.C. § 101. ECF No. 115. Defendants notified the Court that by Opinion and Order in *DietGoal Innovations LLC v. Bravo Media LLC*, Case No. 13 Civ. 8391, the United States District Court for the Southern District of New York held that the only patent at issue in this case, the 516 patent, was directed toward patent ineligible subject matter and therefore invalid under 35 U.S.C. §101. *Id.* Specifically, the Court held that, the claims of the '516 Patent recite steps that, although computer-implemented by virtue of the patent application, could "be performed in the human mind, or by a human using a pen and paper," and "a method that can be performed by human thought alone is merely an abstract idea and is not patent-eligible under § 101.'" *Id.* at 18.

On July 23, 2014, Defendants Domino's Pizza, Inc., Dunkin' Brands Group, Inc., and Wegmans Food Markets Inc. filed a Joint Motion for Judgment on the Pleadings. ECF No. 118. Defendants also filed a Memorandum in Support of their Joint Motion for Judgment on the

2

Pleadings, and Plaintiff filed an Opposition. ECF Nos. 119, 128. Defendants filed a Rebuttal Brief to their Joint Motion for Judgment on the Pleadings on August 21, 2014. On October 6, 2014, Defendants filed Notice of Supplemental Authority in Support of the Joint Motion on the Pleadings. ECF No. 133.

On November 13, 2014, the Court received a Joint Motion for Entry of Final Judgment and Stipulation filed by Domino's Pizza, Inc., Dunkin' Brands Group, Inc., General Mills Sales, Inc., and Wegmans Food Markets, Inc. ECF No. 135.

On November 19, 2014, the Court entered a Stipulated Final Judgment Order. ECF No. 136. The parties agreed that "in a related suit involving the '516 Patent, the District Court for the Southern District of New York entered an Opinion and Order that the '516 Patent is drawn to patent-ineligible subject matter and is invalid under 35 U.S.C. § 101." *Id.* Further, the Order noted that "for the purposes of this stipulation and any resulting appeal only, the parties stipulate and agree that DietGoal is barred by the application of collateral estoppel from continuing to assert a claim for infringement of the '516 Patent against the Defendants. Therefore, the parties stipulate and agree to the entry of a Stipulated Final Judgment of Invalidity based on the application of collateral estoppel with regard to the '516 Patent." *Id.* The Court entered final judgment without prejudice to DietGoal's appeal of the United States District Court for the Southern District of New York judgment. *Id.* Further, DietGoal reserved its right to seek an order vacating this stipulated final judgment if the United States Court of Appeals for the Federal Circuit or the United States Supreme Court find that the patent is valid. *Id.*

On December 31, 2014, Defendant Domino's Pizza, Inc. filed a Motion to Declare this Case Exceptional Pursuant to 35 U.S.C. § 281 and to Join Additional Parties to Defendant's Request Under 35 U.S.C § 285. ECF No. 149. Defendant Domino's Pizza, Inc. filed a Redacted Brief in

3

Support of its Motion to Declare the Case Exceptional and to Join Additional Parties to Defendants' Request. ECF No. 150.

On January 7, 2015, Defendant General Mills Sales, Inc. filed a Motion for Attorney Fees (Motion for an Exceptional Case Finding Under 25 U.S.C. § 285, for Attorney's Fees and to Join Plaintiff's Principals). ECF No. 159. Defendant General Mills Sales. Inc. also filed an accompanying Memorandum in Support. ECF No. 160. The Court received a Sealed Memorandum in Support on January 8, 2015. ECF No. 165.

On January 14, 2015, Defendant Wegmans Food Markets, Inc. filed a Motion to Declare this Case Exceptional Pursuant to 35 U.S.C. § 281 and to Join Additional Parties to Defendants' Request Under 25 U.S.C. § 285. ECF No. 171. Defendant Wegmans Food Markets, Inc. filed an accompanying Memorandum in Support of its Motion. ECF No. 172.

On January 14, 2015, Defendant Dunkin' Brands Group, Inc. filed a Motion to Declare this Case Exceptional Under 35 U.S.C. § 285 and to Join Additional Parties. ECF No. 173. Defendant Dunkin' Brands Group, Inc. filed an accompanying Memorandum in Support. ECF No. 174.

On January 28, 2015, Plaintiff filed a Memorandum in Opposition to Defendant Domino's Pizza's Motion to Declare this Case Exceptional Pursuant to 35 U.S.C § 285 and to Join Additional Parties to Defendant's Request Under 35 U.S.C. § 285. ECF No. 182.

On February 2, 2015, Plaintiff filed a Memorandum in Opposition to Defendant Wegmans Food Markets, Inc.'s Motion to Declare this Case Exceptional Pursuant to 35 U.S.C. § 285 and to Join Additional Parties to Defendant's Request. ECF No. 186.

On February 3, 2015, Plaintiff filed a Sealed Memorandum in Opposition to Defendant General Mills Sales, Inc.'s Motion for Attorney Fees (Motion for an Exceptional Case Finding Under 35 U.S.C. § 285 and to Join Plaintiff's Principals). ECF No. 187.

4

On February 9, 2015, Plaintiff filed a Memorandum in Opposition to Defendant Dunkin'
Brands Inc.,'s Motion to Declare this Case Exceptional Under 35 U.S.C. § 285 and to Join Additional
Parties. ECF No. 193.

On February 12, 2015, Defendant Domino's Pizza, Inc. filed a Reply to Plaintiff's
Memorandum in Opposition to Defendant's Motion to Declare this Case Exceptional and to Join
Additional Parties to Defendant's Request Under 35 U.S.C. § 285. ECF No. 199.

On February 17, 2015, Defendant General Mills Sales, Inc. filed a Reply to Plaintiff's
Memorandum in Opposition to Defendant's Motion for an Exceptional Case Finding Under 35
U.S.C. §285 and to Join Plaintiff's Principals. ECF No. 211.

On February 20, 2015, Defendant Dunkin' Brands Group, Inc. filed a Reply to Plaintiff's
Memorandum in Opposition to Defendant's Motion to Declare This Case Exceptional Under 35
U.S.C. § 285 and to Join Additional Parties.

On April 8, 2015, the Court entered an Order Denying Defendant General Mills Sales, Inc.'s
Motion for Leave to File a Sur-Reply. ECF No. 228.

On April 8, 2015, the United States Court of Appeals for the Federal Circuit affirmed the
judgment of the United States District Court for the Southern District of New York finding that the
'516 Patent is invalid. *DietGoal Innovations LLC v. Bravo Media LLC*, 599 Fed.Appx. 956 (Fed.
Cir. 2015).

On April 15, 2015, the Court received Notice from Defendants of Supplemental Authority.
ECF No. 229.

The Court has considered the parties' briefs, the law of the District, Circuit, and United
States, and this matter is now ripe for judicial adjudication. For the reasons stated below, each
Motion is **DENIED**.

5

## II. LEGAL STANDARD

Pursuant to Section 285 of the Patent Act, 35 U.S.C. § 285, "[t]he court in exceptional

cases may award reasonable attorney fees to the prevailing party." As the United States Supreme

Court recently held, a case is exceptional if it is "one that stands out from others with respect to

the substantive strength of a party's litigating position (considering both the governing law and

the facts of the case) or the unreasonable manner in which the case was litigated." *Octane

Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1756 (2014). In analyzing a

motion to declare a case exceptional, district courts "may determine whether a case is

'exceptional' in the case-by-case exercise of their discretion, considering the totality of the

circumstances." *Id.*

The Court's analysis does not hinge on any one dispositive fact, nor does it rely on a rigid

factor-by-factor analysis. In considering relevant facts, however, "predominant factors to be

considered, though not exclusive, are those identified in *Brooks Furniture* [*Mfg. Inc. v. Dutailier

Int'l, Inc.*, 393 F.3d 1378 (Fed. Cir. 2005)]: bad faith litigation, objective unreasonable positions,

inequitable conduct before the PTO, litigation misconduct, and (in the case of an accused

infringer) willful infringement." *Stragent, LLC v. Intel Corp.*, No. 6-11-cv-429, 2014 WL

6756304, at *3 (E.D. Tex. Aug. 6, 2014). In a recent case in the United States District Court for

the Eastern District of Texas, Judge William Bryson of the United States Court of Appeals for

the Federal Circuit further cited *Octane* for the proposition that there exists no exhaustive list of

factors to be considered on these exceptional case motions. *See DietGoal Innovations LLC, v.

Chipotle Mexican Grill, Inc.*, 2:12-cv-00764, 2015 WL 1284826 (E.D. Tex. March 20, 2015)

("[I]n determining whether to award fees under a similar provision in the Copyright Act, district

courts could consider a 'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'").

A party must prove that is a case is exceptional and therefore entitles the party to fees by a preponderance of the evidence. *Octane*, 134 S.Ct. at 1758.

### III. DISCUSSION

Defendants Domino's Pizza, Inc., General Mills Sales, Inc., Wegman's Food Markets, Inc., and Dunkin' Brands, Inc. each move this Court to declare this case exceptional and award attorney's fees. The Court briefly recount's each movant's argument and the relevant law below, and for the reasons stated herein, each motion is **DENIED**.

#### A. Domino's Pizza

Defendant Domino's Pizza moves for an exceptional case finding for three principal reasons: (1) Defendant argues that DietGoal's case is "Exceptionally Meritless"; (2) that Plaintiff has litigated the case in bad faith; and (3) that under the totality of the circumstances, this case stands out from others. Defendant also requests leave to join Plaintiff's principals and parent company. ECF No. 150.

Domino's Pizza first argues that Plaintiff asserted a patent clearly claiming an abstract idea. ECF No. 150 at 11. Specifically, Defendant argues that "DietGoal should have known claiming computerized meal planning was unpatentable under case law pre-dating its campaign against the good industry, and at very least after the *Mayo* decision, which was issued before the parties incurred the overwhelming majority of their expenses." *Id*. at 13. Defendant further posits that "DietGoal's meritless § 101 argument provides a sufficient basis for an exceptional

7

case finding, and at very least contributes to the totality of the circumstances that makes the case stand out from others." *Id.* Finally, Defendant argues that "it should have been abundantly clear to DietGoal that it could not assert a patent claiming a concept as fundamental as computerized meal planning." *Id.* at 11.

Defendant cites *Mayo Collaborative Services v. Prometheus Laboratories, Inc.*, 132 S.CT. 1289 (2012) for the proposition that the '516 patent is clearly invalid. The parties agree that the United States District Court for the Southern District of New York found that the patent was drawn toward unpatentable subject matter and therefore invalid under 35 U.S.C. § 101. *DietGoal Innovations LLC v. Bravo Media LLC*, 33 F. Supp. 3d 271, 273 (S.D.N.Y. 2014). ECF No. 136 at 2. It is not the case, however that "the invalidation of the '516 patent warrants an 'exceptional case' finding." *DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, 2015 WL 1284826 (E.D. Tex. March 20, 2015). The Supreme Court's exceptional case inquiry does not rest on the mere fact that a party prevailed in the underlying litigation. It is true that judgment in this case was entered based on the Southern District of New York's finding that the '516 patent is invalid. It does not necessarily follow, however, that this is therefore an exceptional case. Instead, Defendants must demonstrate that DietGoal's actions in this case were somehow frivolous, objectively baseless, and well out of the ordinary. *See Octane*, 134 S.Ct. at 1753 (noting that fees do not constitute "a penalty for failure to win a patent infringement suit," and are appropriate only in "extraordinary circumstances."); *IP Innovation L.L.C. v. Red Hat, Inc.*, No. 2:07-cv-447 (E.D. Tex. Oct. 13, 2010) ("An award of attorneys' fees…must be predicated upon something beyond the fact that a party has prevailed.").

First, and importantly, the '516 patent was presumed valid. *See* U.S.C. § 282(a); *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2242 (2011). Further, "[a] patent holder has the right to vigorously enforce its presumptively valid patent." *Homeland Housewares LLC v. Sorensen Research & Dev. Trust*, 581 Fed. Appx. 877, 881 (Fed. Cir. 2014). DietGoal maintained throughout the litigation that it had a reasonable basis for believing that its subject matter was indeed patentable. Specifically, DietGoal argues that "[a] human cannot perform in his or her mind the function of establishing computer-implemented dietary objectives and then generating the claimed Picture Menus displaying imagines of meals that a user can select from to meet those objectives. These functions can only be performed by a computer." ECF No. 182 at 10. In determining whether Plaintiff's position on its patent warrants an exceptional case finding, this Court must analyze whether that position was objectively unreasonable. It is now beyond argument that the '516 patent is invalid. However, the record is not clear that DietGoal's positions on its patent were at the time objectively unreasonable, or that DietGoal's infringement theory was objectively baseless. Defendant has failed to prove by a preponderance of the evidence that DietGoal was objectively unreasonable in relying on the presumption of validity, and that Defendant is therefore entitled to fees.

Defendant next argues that Plaintiff has litigated this case in subjectively bad faith. ECF No. 150 at 15. Specifically, Defendant posits that Plaintiff "found a facially broad and clearly invalid patent in the rea of meal planning, and then sued over 70 food industry and other companies with nutrition calculators and recipe sites." *Id.* The crux of Defendant's bad faith argument is that Plaintiff's "actions from beginning to end show a bad faith strategy to assert meritless, invalid patent to extract nuisance value settlements, capitalizing on the fact most

defendants would rather pay a small toll to a plaintiff instead of several times as much to win a case on the merits." *Id.*

Plaintiff responds that Defendant's allegations are "nothing more than a scurrilous fabrication." ECF No. 182 at 17. Plaintiff admits that it is a "'non practicing entity' who sued numerous companies for infringement of the '516 Patent and collected a substantial amount of revenue by settling many of those claims." *Id.*

The Court finds no evidence of bad faith. That Plaintiff has brought numerous infringement lawsuits against several different defendants does not indicate bad faith on the part of this patent owner. Several sister courts that regularly handle this type of patent litigation have held that the mere fact that a patent owner brings numerous patent infringement lawsuits does not mean that the plaintiff is acting in bad faith. *See Dietgoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, 2015 WL 1284826 (E.D. Tex. March 20, 2015); *Digitech Image Tech. LLC v. Newegg, Inc.*, 2013 WL 5604283 (C.D. Cal. Oct. 11, 2013); *GeoTag, Inc. v. Zoosk, Inc.*, 2014 U.S. Dist. LEXIS 24782 at *11 (N.D. Cal. Feb. 26, 2014). The record simply does not support a finding that Plaintiff acted either in bad faith or in a manner that was objectively baseless. As Judge Bryson recently noted, "[i]f a party can reasonably hope for success on the merits of its claim, it does not matter whether that party is a non-practicing entity, whether it sues numerous defendants, or whether it settles its claims for relatively small sums. The 'exceptional case' finding turns mainly on whether the claim is plausible or objectively baseless." *DietGoal Innovations LLC*, 2015 WL 1284826 at *4.

Considering the totality of the circumstances, Defendant Domino's Pizza, Inc. has failed to prove by a preponderance of the evidence that this case is one of the very few that deserves

the "exceptional case" designation, and therefore an award of attorney's fees. Accordingly, Defendant's Motion is **DENIED**. Domino's Pizza Inc.'s further request to add DietGoal's principals as parties to this action is **DENIED**. This request is moot given the Court's ruling that attorney's fees will not be awarded. Further, Defendants had ample time during the pendency of this action to add additional parties, and waited until after judgment had been entered to make the instant motion. The Court finds no meritorious reason to grant the relief Defendant now seeks.

## B. General Mills Sales, Inc.

Defendant General Mills Sales, Inc. argues that (1) Plaintiff has advanced frivolous infringement positions; (2) Plaintiff brought this action for an improper purpose, demonstrated by a meritless damages theory and its commission of inequitable conduct; (3) Monetary sanctions are needed in order to deter Plaintiff's principals and outside counsel from continuing their pattern of filing frivolous patent suits; and (4) The Court should grant leave to join DietGoal's principals.

Plaintiff responds that (1) its infringement theory was not objectively baseless; (2) that Defendant has not proven inequitable conduct; (3) that Plaintiff's damages theory was objectively reasonable; and (4) that Defendant's request to add Plaintiff's principals was untimely.

Having already ruled that Plaintiff did not advance a frivolous position and that the Court will not grant leave to join Plaintiff's principals *supra*, the Court now moves to the question of whether Plaintiff brought a meritless damages theory and whether the Court should award sanctions.

11

Defendant argues that plaintiff's damages analysis "was equally meritless as DietGoal failed to tie its damages model to the Accused Systems, as required by controlling Federal Circuit law." ECF No. 160 at 18. Defendant cites *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1316 (Fed. Cir. 2011) and *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 869 (Fed Cir. 2010) for the proposition that the 25 percent rule of thumb (used by Plaintiff Expert Chase Perry) is inadmissible under *Daubert* and the Federal Rules of Evidence, as it fails to tie a reasonable royalty base to the facts of the case. *Id.* at 20.

Plaintiff counters that its expert Mr. Perry "estimated reasonable royalty damages using the well-known 'expected value' theory, which is based on longstanding and accepted economic principles." ECF No. 187 at 23 (citing *Cybor Corp. v. Fas Techs.*, 138 F.3d 1448, 1476 n.15 (Fed. Cir. 1998)). Further, Plaintiff posits that "Mr. Perry performed a complete Georgia-Pacific analysis of the relevant evidence to estimate damages." *Id.* (citing *Uniloc USA Inc. v. Microsoft Corp.*, 632 F.3d at 1292).

The Court first notes that neither party has cited, and the Court has not found, any case which predicates an exceptional case determination on the question of an expert's estimation of damages. It is further the case that questions of whether the data sufficiently support an expert's conclusion are generally issues which relate to the weight of the expert opinion, not its admissibility. The Court is not prepared to rule that DietGoal's expert's damages opinion was perfect, but it cannot rule that it alone warrants a finding that this is an exceptional case. Even taken as one factor to consider in the totality of the circumstances, the Court does not find that the expert's damages determination warrant's a finding that this is an exceptional case.

Defendants next move this court to award a monetary penalty against Plaintiff in order to

12

"deter DietGoal's principals and BJ&C from filing future frivolous actions." ECF No. 160 at 28. The Court finds no sanctionable conduct here. It is true as discussed *supra* that Plaintiff has filed numerous patent infringement suits relating to the '516 patent against several other defendants. However, simply requesting a monetary penalty does not advance Defendant's legal burden to prove by a preponderance of the evidence that this is an exceptional case. The record does not support a finding that this is an exceptional case, nor does it support an award of sanctions. Defendant's Motion is **DENIED**.

## C. Wegman's Food Markets

In lieu of filing its own substantive briefing on its Motion, Wegman's Food Markets joins and incorporates the Memoranda filed by Defendant Domino's Pizza, Inc. ECF No. 172. Therefore, for the reasons stated *supra* denying Domino's Pizza, Inc.'s Motion, Wegman's Food Markets' Motion is **DENIED**.

## D. Dunkin' Brands Inc.

Defendant Dunkin Brands, Inc. similarly argues that Plaintiff brought a baseless infringement claim, owns an invalid patent, should have its principals joined, and that the totality of the circumstances require a finding that this is an exceptional case. Once again, the Court incorporates the discussion *supra* and after a review of the record and law Defendant's Motion is **DENIED**.

## IV. CONCLUSION

For the reasons stated above, Defendants Domino's Pizza, General Mills Sales, Inc., Wegeman's Food Markets, and Dunkin Brands Group, Inc.'s Motions to Declare this Case Exceptional Under 35 U.S.C. § 285 and to Join Additional Parties ("Motions"). ECF Nos. 149,

13

159, 171, 173, are **DENIED**.  The Court will not award attorney's fees and Plaintiff's principals will not be joined.  This case has consumed many hours, months, and years of time on all sides, however, the Court is unable to find that this case is so out of the ordinary that it should be deemed exceptional.

The Court **DIRECTS** the Clerk to send a copy of this Order to all parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
August 21 , 2015

Raymond A. Jackson
United States District Judge

14